IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| IN RE: APPLICATION OF | : | CIVIL ACTION NO. |
| DELTA AIR LINES, INC., | : | 1:09-mi-0205-BBM-WEJ |
| Applicant | : | |
| | : | |
| | : | |

## ORDER

Applicant, Delta Air Lines, Inc. ("Delta"), seeks an order appointing a federal magistrate judge to obtain sworn testimony for use in a civil hearing pending before a Saudi Arabian judicial body in Riyadh, Saudi Arabia. For the reasons stated below, it is **ORDERED** that the Application for Order Under 28 U.S.C. § 1782 [1] be stayed pending Delta's notification of all interested persons.[1]

Section 1782 "authorizes, but does not require, a federal district court to provide assistance to a complainant . . . ." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 255, 124 S. Ct. 2466, 2478 (2004). Under § 1782(a), a district court must first consider the following statutory requirements:

---

[1] Under § 1782, an interested person includes a party to the foreign litigation, whether directly or indirectly involved. In re Merck & Co., Inc., 197 F.R.D. 267, 270 (M.D. N.C. 2000) (citing Lancaster Factoring Co., Ltd. v. Mangone, 90 F.3d 38 (2d Cir.1996)). The only known interested party in the instant action is Continental Travels Ltd., L.L.C. (See Application [1] ¶¶ 1, 3, 5-7.)

AO 72A
(Rev.8/8
2)

(1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

Kang v. Noro-Mosely Partners, 246 F. App'x 662, 663-64 (11th Cir. 2007) (per curiam) (quoting 28 U.S.C. § 1782).

On the face of the application, Delta satisfies the jurisdictional requirements. To wit, Delta alleges that it is an interested person (Application ¶ 7), the request seeks evidence for use in a proceeding in Saudi Arabia (id. ¶ 9), and the person from whom the discovery is sought, Edward M. Smith, resides in the Northern District of Georgia (id. ¶ 8).

However, the Court's duty does not end with assessment of the jurisdictional requirements.

Once these prima facie requirements are satisfied, the following factors must be considered by the district court in exercising its discretion: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a

2

foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome."

Kang, 246 F. App'x at 664 (quoting Intel, 542 U.S. at 264-65, 124 S. Ct. at 2483).

Based on Delta's application and memorandum, the Court cannot ascertain whether the discretionary factors weigh in favor of the application. It is unclear, for example, whether the application conceals an attempt to circumvent Saudi proof-gathering restrictions or other policies. Further, the Court is mindful that it "need not confine itself to the assertions set out in the application. [The Court] necessarily has inherent authority to require that other parties to the foreign litigation be notified of the application and be allowed to present their views to the Court." Merck, 197 F.R.D. at 270. Indeed, "the Court would be derelict in its duty if it were not assured that the other parties had sufficient notice . . . ." Id. at 271.[2]

Accordingly, the Application is **STAYED** pending Delta's notification of all interested parties in the Saudi Arabia litigation of the Application and this Order and of their right to file a formal response. Delta shall provide notice and copies of this

---

[2] Delta cites In re Roz Trading, Ltd., 469 F. Supp. 2d 1221 (N.D. Ga. 2006), in discussing judicial discretion to grant or deny an application under 28 U.S.C. § 1782. (See Mem. of Law in Supp. of Application for Order Pursuant to 28 U.S.C. § 1782 [1-2] 4-5.) In that case, the District Judge granted an application pursuant to § 1782 after considering a brief in opposition to the application. Roz, 469 F. Supp. 2d at 1222, 1231.

3

Order, allowing for a formal response within twenty (20) days of the date of such notice. Should Continental Travels Ltd., L.L.C. consent to the Application, or fail to respond, the Court will proceed to take the sworn testimony of Mr. Smith for use in the foreign action.

**SO ORDERED**, this 3rd day of June, 2009.

_Walter E. Johnson_

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

4